

tion under section 2D1.1(b)(6) of the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (b)(6) (2002). We affirm because the district court provided reasons for its decision and because its factual findings were not clearly erroneous. *See United States v. Franco–Lopez*, 312 F.3d 984, 993 (9th Cir.2002) (explaining that a district court must give reasons for applying or refusing to apply the safety valve provision); *United States v. Real–Hernandez*, 90 F.3d 356, 360 (9th Cir.1996) (stating that factual determinations regarding eligibility for safety valve relief are reviewed for clear error). Although Lopez now contends that the district court should have conducted an evidentiary hearing on this sentencing issue, it appears from the record that the parties agreed about the basic contents of Lopez's statement during the safety valve interview. The district court had enough information to make a reasoned decision and was not required to conduct an evidentiary hearing *sua sponte. See Real–Hernandez*, 90 F.3d at 362 (explaining that there is "no general right to an evidentiary hearing at sentencing" and that the decision whether to conduct an evidentiary hearing is "discretionary, not mandatory").

Lopez argues that he and a co-defendant were given impermissibly disparate sentences. We review only for plain error because Lopez's passing reference to a potential disparity did not adequately raise this issue in the district court. *See* Fed. R.Crim.P. 52(b). Our decision in *United States v. Monroe*, 943 F.2d 1007 (9th Cir. 1991), forecloses the possibility of plain error; here, as in *Monroe*, "we may presume that a sentence was calculated as the Guidelines require and not in retaliation for the defendant's decision to exercise his constitutional right to stand trial." *Id.* at 1018.

### III.

Lopez's convictions and sentence are AFFIRMED.

**Vo Vu THANH, Petitioner—Appellee,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellant.**

**Mot Trung Tran, Petitioner—Appellee,**

v.

**John Ashcroft, Attorney General, Respondent—Appellant.**

Nos. 03–15920, 03–16058.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 17, 2004.

Ann C. McClintock, AFPD, Carolyn M. Wiggin, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellee.

Daniel E. Goldman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Marianne Pansa, Office of the U.S. Attorney, Fresno, CA, Linda S. Wendtland, Esq., Shelley R.

**560**

Goad, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent–Appellant.

Before O'SCANNLAIN, SILER,* and HAWKINS, Circuit Judges.

### ORDER **

These appeals are dismissed as moot.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Randolfo ESCANDON–FIGUEROA,
Defendant—Appellant.**

No. 03–50259.
D.C. No. CR–00–3113–J.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 17, 2004.

Timothy D. Coughlin, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Randolfo Escandon–Figueroa, San Diego, CA, pro se.

Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

### MEMORANDUM**

Appellant Randolfo Escandon–Figueroa appeals his conviction for conspiracy to

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for

the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.